UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUANE MICHAEL WOOD,

    Plaintiff,

v.                                        Case No.: 2:25-cv-359-SPC-KCD

LEE COUNTY OFFICE OF
CORRECTIONS *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Duane Michael Wood's Complaint (Doc. 1). Wood is a pretrial detainee in Lee County Jail, and he sues a slew of entities and individuals under 42 U.S.C. § 1983. United States Magistrate Judge Kyle Dudek granted Wood leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Wood alleges a correction officer falsely accused him of throwing a sandal at her in 2023. As a result, Wood claims he is classified as a "high risk" inmate and housed with gang members and first-degree felons.

Wood's complaint is a shotgun pleading. The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898

F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Wood sues Lee County Office of Correction, 20th Judicial Circuit Court of Florida, Lee County Sheriff's Department, State of Florida, County of Lee, City of Fort Myers, Florida Department of Corrections, Clerk of Court Kevin Karnes and Public Defender Kathy Smith. But Wood does not mention any of them in his factual allegations. The complaint thus does not give the defendants fair notice of the claims against them.

Even if the Court ignores Wood's procedural pleading deficiencies and considers the factual allegations, his complaint is frivolous. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001). Wood does not identify any federal right violated by any defendant.

Wood might be complaining about the conditions of his confinement under the Eighth Amendment. Such a claim would fail because Wood does not challenge "extreme conditions" that "created an unreasonable risk—one that

3

society chooses not to tolerate—of serious damages" to his future health or safety. *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011). Alternatively, Wood might be claiming his classification as a high-risk inmate violated his Fourteenth Amendment due process rights. Pretrial detainees are entitled to due process before being punished for violations of jail rules. *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1349 (11th Cir. 2016). But "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). Wood does not allege facts demonstrating that his classification as a high-risk inmate amounted to a punishment, so the procedural due process requirements of the Fourteenth Amendment do not apply.

To summarize, Wood has commenced this frivolous action by filing a shotgun pleading against nine defendants, most of whom have no conceivable connection to the factual allegations. The Court finds Wood's complaint malicious and an abuse of the judicial process. It is particularly egregious when considered in context. Wood has filed at least eight other civil actions in this division in the last two months. Most of them are also directed against a seemingly random assortment of government agencies with no apparent connection to the factual claims. Four actions have already been dismissed under § 1915(e)(2). This will be the fifth.

Accordingly, it is

4

**ORDERED:**

Plaintiff Duane Michael Wood's Complaint (Doc. 1) is **DISMISSED** as frivolous, malicious, and an abuse of the judicial process. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record